**NORWALK CORE, a/k/a Norwalk Chapter of the Congress of Racial Equality and Roodner Court Fair Rent Association, etc., et al., Plaintiffs,**

v.

**NORWALK BOARD OF EDUCATION, a/k/a the Board of Education of the City of Norwalk, Connecticut, Defendant.**

**Civ. No. 12624.**

United States District Court
D. Connecticut.

Sept. 17, 1968.

See also D.C., 298 F.Supp. 203, 210, 213.

the equal protection of the laws, in violation of federally protected rights." Basically plaintiffs seek injunctive and declaratory relief so that integration is achieved not only in white neighborhood schools (by busing children out of the Black and Puerto Rican neighborhoods), but by integrated schools in all neighborhoods of Norwalk. Neither party to this action opposes integration; however, plaintiffs allege that the means utilized by the Board to achieve integration by abandoning neighborhood schools in the ghetto areas deny the class which they represent equal protection of the laws.

Plaintiffs allege that they represent the class of Black and Puerto Rican citizens who are directly injured by this policy of the Board. In their motion to intervene as of right pursuant to Rule 24(a)(2), Fed.R.Civ.P., applicants allege that they "seek to intervene as a class on behalf of themselves and all other Black and Puerto Rican low income families and elementary school students in the City of Norwalk whose rights to attend racially integrated schools or to have their children attend such schools will be deprived by the policy of racial segregation demanded by the plaintiffs in their complaint in this action."

Jonathan W. Lubell, of Lubell & Lubell, New York City (Stephen L. Fine, Westport, Conn., on the brief), for plaintiffs.

Robert H. Rubin, Sp. Corp. Counsel of the City of Norwalk, South Norwalk, Conn., for defendant.

Jack Waltuch, Norwalk-Stamford-Danbury Regional Legal Services, Inc., Stamford, Conn., for applicant intervenors.

## MEMORANDUM OF DECISION DENYING APPLICANTS' MOTION TO INTERVENE AS DEFENDANTS

TIMBERS, Chief Judge.

Applicant intervenors ("applicants") by motion seek to intervene as of right as parties defendant in the present action. Their motion is based on the pleadings, exhibits, briefs and oral argument of counsel on September 16, 1968. After due consideration of the foregoing, the Court holds that applicants' motion to intervene as of right pursuant to Rule 24(a)(2), Fed.R. Civ.P., should be denied.

### FACTS

This is a class action wherein plaintiffs claim that defendant Norwalk Board of Education's policy in maintaining neighborhood schools in white neighborhoods but not in Black and Puerto Rican neighborhoods "denies to plaintiffs and others similarly situated

### OPINION

If the interest for the asserted right to intervene is found to be without relevance to the instant controversy, the application to intervene must necessarily be denied. Since there is nothing in plaintiffs' complaint which can be construed as requesting the Court to impose a "policy of racial segregation", it is difficult to see in what respect applicants' stated interest is inadequately represented by the present parties, neither of which proposes or supports such a policy.

In the context of the instant litigation, the assertion by applicants that they represent "other" Black and Puerto Rican families opposed to the position of plaintiffs relates more to the question of plaintiffs' standing to bring a class ac-

tion pursuant to Rule 23, Fed.R.Civ.P., and procedures incident to that class action, than to applicants' right to intervene as defendants in the class action. The issue of the propriety of the underlying class action is not before the Court on the instant motion and no opinion will be expressed thereon. Admittedly, applicants' interest in the education of their children is no less than that of plaintiffs', but it must be recognized that the right to intervene differs from the right to initiate a suit:

"[I]ntervention is concerned with something more than standing to sue: it is concerned with protecting an interest which practically speaking can only be protected through intervention in the current proceeding. That petitioners share a common or identical interest with those who have standing to sue does not answer the question or entitle them to intervene." Hobson v. Hansen, 44 F.R.D. 18, 26 (D.D.C.1968), appeal dismissed, 393 U.S. 801 (1968).

█ Applicants have asserted no interest which is threatened in the present action. Its disposition, either in favor of plaintiffs (so that integrated neighborhood schools will be required in all neighborhoods) or defendant (so that integrated schools will presently be achieved by busing Black and Puerto Rican children out of ghetto neighborhoods), cannot "as a practical matter impair or impede [their] ability to protect that interest," in the language of Rule 24(a) (2).

While recognizing the liberality with which amended Rule 24 should be applied (see Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129 (1967)), the Court holds that there is no way in which the ability of applicants to protect their interests, namely, the right to attend integrated schools, can be impaired or impeded by disposition of the present action.

### ORDER

Applicants' motion to intervene as of right as parties defendant, pursuant to Rule 24(a)(2), Fed.R.Civ.P., is denied.